IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GREGG ALLEN,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br><br>                    Defendant. | Case No. 2:14-cv-904<br><br><br>MEMORANDUM DECISION<br><br><br>Magistrate Judge Dustin B. Pead |

Plaintiff Gregg Allen ("Allen") appeals the decision of the Acting Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.*  Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the Court AFFIRMS the Commissioner's decision.

## I.      PROCEDURAL HISTORY

This case involves Allen's application for DIB in which Allen alleged that he became disabled on May 1, 2008 due to anxiety and depression (Certified Administrative Record ("Tr.") 153–59, 168, 172).  The agency denied his application initially and on reconsideration (Tr. 106-08, 110–12).  Following an administrative hearing (Tr. 39–81), an administrative law judge ("ALJ") issued a decision finding that—because Allen retained the residual functional capacity ("RFC") to perform his past work as a computer programmer—Allen was not disabled

Page 1

at any time from his alleged onset of disability date through December 31, 2012, the date his

disability insurance status expired[1] (Tr. 24–38).  When the Appeals Council denied Allen's

request for review (Tr. 1–5), the ALJ's decision became the final administrative decision for

purposes of judicial review.  *See* 20 C.F.R. § 404.981 (2015).  This Court has jurisdiction

pursuant to 42 U.S.C. § 405(g).

## II.     STATEMENT OF RELEVANT LAW

### A.     Statutory and Regulatory Background

An individual is disabled "only if his physical or mental impairment or impairments are

of such severity that he is not only unable to do his previous work but cannot . . . engage in any

other kind of substantial gainful work which exists in the national economy."  42 U.S.C.

§ 423(d)(2)(A).  The disabling impairment must last, or be expected to last, at least 12

consecutive months.  *See Barnhart v. Walton*, 535 U.S. 212, 214–15 (2002).  The five-step

sequential evaluation process for determining disability under the Act is set forth at 20 C.F.R.

§ 404.1520(a)(4).

### B.     Standard of review

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine

whether substantial evidence in the record as a whole supports the factual findings and whether

the correct legal standards were applied.  *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir.

---

[1] "To become entitled to disability insurance benefits, you must have disability insured status in the first full month that you are disabled."  20 C.F.R. § 404.131(b)(1); *see also* 42 U.S.C. § 423(c)(1) (defining "insured" for purposes of a DIB claim); 20 C.F.R. § 404.320(b)(2) (discussing insured status for purposes of DIB benefits); *Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1348–49 (10th Cir. 1990) ("[T]he relevant analysis is whether the claimant was actually *disabled* prior to the expiration of her insured status." (emphasis in original)).

2014).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (internal quotation and citation omitted).  The Court "may not reweigh the evidence nor substitute our judgment for the [Commissioner's]."  *See id.*  In reviewing an ALJ's decision, a court "should, indeed must, exercise common sense" and "cannot insist on technical perfection."  *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

## III.    DISCUSSION

On appeal, Allen asserts that the ALJ erred at steps three and four of the sequential evaluation (Dkt. 15, Pl.'s Br. 5–23).

### A.    The step three errors are not harmful

At step three, Allen argues that the ALJ erred by not including the "B" or "C" criteria for the anxiety listing.  The Commissioner responds that Allen's challenge at step three constitutes, at worst, harmless error.  The Court agrees.  To meet the listed impairment for anxiety, a claimant must establish that he meets the "A" criteria and either the "B" and "C" criteria of that listed impairment.  *See, e.g.*, 20 C.F.R. 404, Subpt. P, App'x 1 § 12.06.

First, the ALJ's opinion appears to suffer a typographical error, rather than an analytical error. The ALJ expressly considered in his decision whether Allen met the "B" and "C" criteria listings of 20 C.F.R. 404, Subpt. P, App'x 1 §§ 12.04 (affective disorders) and 12.08 (personality disorders).  The ALJ does not specifically reference the listed impairment of anxiety-related disorders (20 C.F.R. 404, Subpt. P, App'x 1 § 12.06). Nonetheless, the ALJ specifically asked the medical expert, Dr. Stein, to discuss whether Allen met the criteria for the listed anxiety-related-disorders impairment under Section 12.06 during the hearing on this matter (Tr. 52–53).  Also, when discussing the "B" criteria for Sections 12.04 and 12.08, the ALJ found that Allen

Page 3

had a "mild" restriction of activities of daily living; "moderate" difficulties in maintaining social

functioning and in maintaining concentration, persistence, or pace; and no episodes of

decompensation which had been for an extended duration (Tr. 30).  These findings are consistent

with Dr. Stein's testimony at the hearing, which considered *all three* Listings in combination (Tr.

53).  Even though the ALJ only included Listings 12.04 and 12.08 in his step three discussion

regarding the "B" criteria, these findings apply to all three Listings (12.04, 12.06, and 12.08)

because the criteria are identical.  Moreover, the ALJ's opinion discusses Allen's anxiety at step

three, even if it omits the specific reference to the listed anxiety impairment (Tr. 30 ("Claimant

maintains that he becomes anxious . . . [and has an] inability to sustain concentration and

attention due to his depression and anxiety.")).  Accordingly, the ALJ appears to have considered

Section 12.06, though he omits a specific reference in his opinion. Even assuming this is error,

Plaintiff has not demonstrated that it was harmful with regard to the "B" criteria because the

record evidence indicates that Allen did not meet the "B" criteria for anxiety-related disorders.

Finally, the record as a whole demonstrates that Allen's likewise did not meet the "C"

criteria of Listing 12.06.  *See Wall v. Astrue,* 561 F.3d 1048, 1052 (10th Cir. 2009) (the court's

determination of whether the ALJ's ruling is supported by substantial evidence must be based on

the record as a whole).  The record includes three doctors' opinions (two DDS physicians and the

medical expert) stating that Allen's anxiety does not meet "C" criteria (Tr. 54, 87, 98–99).  The

ALJ discussed each of these opinions in his decision (Tr. 30,).  Also, the ALJ's discussion of

Allen's anxiety at step four of the determination (Tr. 33) ameliorated any related step-three error.

*See Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005) ("an ALJ's findings at other

steps of the sequential process may provide a proper basis for upholding a step three conclusion

Page 4

that a claimant's impairments do not meet or equal any listed impairment"). Thus, it appears that the ALJ simply failed to include a specific reference to Section 12.06 in his opinion; but he did not fail to consider whether Allen met the criteria for the listed anxiety impairment. Even to the extent this omission could be classified as error, it was not harmful.

**B.      Substantial evidence supports the ALJ's residual functional capacity (RFC) and step four finding**

Allen raises a number of challenges to the RFC finding and the ALJ's step four determination that Allen was not significantly limited in his ability to understand, remember, and carry out job instructions—including his ability to follow detailed instructions; his ability to make work-related plans and goals; his ability to interact with supervisors and co-workers; and his ability to engage in brief and superficial contact with the public (Tr. 31).  Based on this RFC and vocational expert testimony, the ALJ justifiably determined that Allen could perform his past work as a computer programmer as it was generally performed (Tr. 34).  These findings are supported by substantial evidence and are free of legal error.  *Wall,* 561 F.3d at 1052.

First, the Court can discern no error in the ALJ's decision to reject Dr. Johnson's opinion that Allen would be absent from work more than four days a month (Tr. 34).  The ALJ appropriately considered all of the factors outlined in 20 C.F.R. § 404.1527 and provided "good reasons in his written decision for the weight he gave the treating physician's opinion." *Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004); *see also Oldham v. Astrue,* 509 F.3d 1254, 1258 (10th Cir.2007) (finding no error where the ALJ did not expressly discuss all six factors in deciding what weight to give medical opinion).  And the ALJ complied with agency policy when he rejected this portion of Dr. Johnson's opinion weight because he found the record did not

Page 5

support those limitations (Tr. 33–34).  SSR 96-8p, 1996 WL 374184, at *7 ("The RFC

assessment must always consider and address medical source opinions.  If the RFC assessment

conflicts with an opinion from a medical source, the adjudicator must explain why the opinion

was not adopted.").  Here the ALJ explained that Dr. Johnson's treatment notes did not indicate

that Allen would miss more than four days of work each month (Tr. 34; *see generally* Tr. 210–

27).  And the bulk of Dr. Johnson's records simply recite Allen's statements about his living

arrangements and employment, rather than reflecting the doctor's own observations and findings.

*Cf. Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009) (ALJ reasonably discounted

treating physician opinion which simply recited the claimant's complaints).

 Additionally, there is no internal inconsistency in the ALJ's conclusion that Allen was

not significantly limited in his abilities to understand, remember, and carry out job instructions

despite finding his anxiety a "severe" impairment at step two.  The reason is simple: step two and

step four are different standards.  To find a "severe" impairment at step two requires only a

threshold showing that the claimant's impairment has "more than a minimal effect on his ability

to do basic work activities."  *Williams v. Bowen,* 844 F.2d 748, 751 (10th Cir. 1988).  To find a

disability at step four, on the other hand, requires that the claimant's specific functional

limitations are such that he is unable to perform his past relevant work.  20 C.F.R. § 404.1520.

Thus, a step-two determination that Allen's mental impairment is "severe" only allows the

sequential process to proceed; it does not reflect the severity of his functional limitations relevant

to step four.  *See Banks v. Colvin*, 547 F. App'x 899, 903 (10th Cir. 2013) (unpublished).

 Third, substantial evidence supports the mental limitations that the ALJ included in the

RFC assessment (Tr. 31).  Dr. Johnson's treatment notes did not indicate that Allen had difficulty

Page 6

with social interaction or attention and concentration (Tr. 210–27).  While Dr. Heinbecker did

not provide an opinion regarding Allen's functional limitations, his examination notes are

consistent with the RFC assessment, particularly his statement that there was no clear reason for

Allen's alleged deficiencies in concentration, persistence, and pace (*compare* Tr. 31 *with*

Tr. 234–39).  Further, Dr. Stein's testimony and Allen's testimony that he required intellectually

challenging work (Tr. 68, 69) also support the ALJ's RFC assessment.  Considering the record as

a whole, the mental limitations in the RFC assessment are supported by substantial evidence.

*Wall,* 561 F.3d at 1052.

Fourth, Allen asserts the ALJ should have more specifically considered the opinions of

the DDS doctors when formulating Plaintiff's RFC. (Pl.'s Br. at 12.) Allen only provides a

citation to the regulation to support his argument. The Court's own research revealed cases in

which courts found error where *no* medical opinions were considered. *E.g. Vyskocil v. Astrue*,

No. 11-1135, 2012 WL 2370200, at *5 (D. Kan. June 22, 2012) (remanding where the only

medical opinion, which came from a state agency consultant, was not addressed by the ALJ).

Here, a medical expert testified during the hearing and the ALJ addressed that expert's opinion.

(Tr. 34.) Thus, the ALJ did consider the RFC of *a* medical consultant, who testified, but he did

not expressly mention every consultant's opinion.

Moreover, Allen does not illustrate any error here is harmful. The DDS opinions do not

appear to contain any more than a summary of the other medical evidence the ALJ considered.

The opinions do not appear to differ from those of the testifying medical expert who indicated

that Allen had moderate difficulties with concentration and social interaction. (Tr. 33.) Allen

suggested during oral argument that the second of the DDS opinions suggested Allen was

Page 7

capable of only unskilled labor (Tr. 102). However, while Allen initially testified that he could not do unskilled labor due to anxiety issues, Allen reversed his testimony in response to the ALJ's hypothetical and testified that "he could[ no]t do mundane jobs, and required something that was intellectually challenging." (Tr. 32). This testimony allows for a fair inference on the ALJ's part that Allen was limited due to disinterest, not disability. Allen has not persuaded the Court that this conclusion would be different notwithstanding the DDS opinion that Allen was limited to unskilled labor.

### 1.      *Alleged errors under Winfrey v. Chater*

Allen also argues that the ALJ made step four errors by not asking the vocational expert about the mental demands of Allen's past work and by not matching his RFC with his job duties (Pl.'s Br. 13-18). The Tenth Circuit described the three-phases of a step-four analysis in *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996). At phase one, an ALJ determines the claimant's physical and mental RFC. *Id.* at 1023. At phase two, the ALJ determines the physical and mental demands of the claimant's past relevant work. *Id.* At phase three, the ALJ determines whether the claimant's RFC is consistent with the ability to meet the job demands of the claimant's past relevant work. *Winfrey,* 92 F.3d at 1023.

The ALJ's phase-one findings are noted in the above discussion of the RFC assessment. At phase two, the ALJ explicitly set forth the demands of Allen's past relevant work as a computer programmer, finding it a "skilled sedentary occupation" (Tr. 34). *See Miller v. Astrue*, 496 F. App'x 853, 858 (10th Cir. 2012) (finding that a characterization of "moderate to complex work in a habituated work setting" provided the ALJ with sufficient information regarding

Page 8

mental demands of plaintiff's past relevant work relevant to the mental limitations in her RFC).

Skilled work requires:

> qualifications in which a person uses judgment to determine the machine
> and manual operations to be performed in order to obtain the proper form,
> quality, or quantity of material to be produced.  Skilled work may require
> laying out work, estimating quality, determining the suitability and needed
> quantities of materials, making precise measurements, reading blueprints
> or other specifications, or making necessary computations or mechanical
> adjustments to control or regulate the work.  Other skilled jobs may
> require dealing with people, facts, or figures or abstract ideas at a high
> level of complexity.

20 C.F.R. § 406.1568(c) (defining skilled work).  Thus, contrary to Allen's position, the ALJ had

sufficient information regarding the mental demands of Allen's past work as a computer

programmer.

Moreover, the Court is not persuaded by the authority Allen cites to support this

argument. In *Henrie v. U.S. Deptartment Health & Human Services*, the Tenth Circuit remanded

an ALJ's decision because the claimant's "prior occupation was never mentioned in the

evidence." 13 F.3d 359, 361 (10th Cir. 1993). In *Barnes v. Colvin*, the Tenth Circuit remanded

an ALJ's decision for failing to consider whether the claimant could face the demand of

telephone contact, which was included in the Dictionary of Occupational Titles ("DOT") listing

for the claimant's past work, but not addressed by the VE or the ALJ. No. 14-1341, 2015 WL

3775669, *3 (10th Cir. June 18, 2015) (unpublished). Here, the ALJ specifically addressed

Allen's prior occupation, computer programmer (DOT # 030.162-010) (Tr. 32). Allen does not

identify any particular demand of the job that the ALJ did not address. Accordingly, Allen has

not identified any error in phase two of the *Winfrey* analysis.

At phase three of the *Winfrey* analysis, the ALJ relied on vocational expert ("VE") testimony—in response to a hypothetical question about an individual who was the same age and who had the same education, work experience, and RFC as Allen—to find that Allen retained the ability to perform his past work as a computer programmer based on his assessed RFC (Tr. 34; *see also* Tr. 73–76).  Unlike *Barnes v. Colvin*, the ALJ in this case *asked* the VE whether the computer programmer job required more than superficial contact with the public in determining whether Allen's RFC allowed him to perform his past work (Tr. 76).  Also, the ALJ discussed this testimony in his decision (Tr. 34).  *See Lately v. Colvin*, 560 F. App'x 751, 755 (10th Cir. 2014) (unpublished) (rejecting the plaintiff's arguments challenging the ALJ's step-four finding based on DOT descriptions where "the ALJ asked VE whether [the plaintiff] could perform her past relevant work with her restrictions, and the VE indicated that she could.").

To the extent that Allen takes issue with the fact that the ALJ did not obtain VE testimony about Allen's alleged inability to concentrate, the ALJ committed no error.  While the ALJ acknowledged at step two of the sequential evaluation that Allen's severe mental impairments caused moderate limitations maintaining concentration, persistence, and pace, the record as a whole supports the scope of the mental limitations that the ALJ included in the RFC assessment (Tr. 31).  *See Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) (ALJ was not required to include in his RFC assessment limitations that were not supported by the medical record).  For example, on mental status examination, Allen had no difficulty serially subtracting seven from fifty (Tr. 238).  *See* 20 C.F.R. pt. 404, subpt. P, appx. 1 § 12.00(C)(3) ("On mental status examinations, concentration is assessed by tasks such as having you subtract serial sevens or serial threes from 100").  And Allen testified that he would become bored with mundane jobs

Page 10

and required intellectually challenging work (Tr. 68, 69). Thus, the ALJ considered all of this information when assessing Allen's RFC and determined that Allen did not have functional limitations regarding attention and concentration (Tr. 31). Because the ALJ did not include any limitations on attention and concentration in the RFC, there was no need to determine whether an individual with such limitations could perform work as a computer programmer. *Cf. Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995) ("The ALJ was not required to accept the answer to a hypothetical question that included limitations claimed by plaintiff but not accepted by the ALJ as supported by the record.").

Allen has the burden to establish that he is "disabled" under the Act. 42 U.S.C. § 423(d)(2)(A). While substantial evidence must support the ALJ's findings, Allen bears the burden of demonstrating that he cannot perform his past work. *See Williams v. Bowen,* 844 F.2d 748, 751 n.2 (10th Cir. 1988). Allen has not met his burden.

## C.     The hearing record was sufficient

The Court is likewise unpersuaded by Defendant's argument that the hearing record was insufficient. The Court recognizes the ALJ's duty to develop the factual record is "heightened" when a claimant proceeds pro se. *Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993). Nonetheless, the record does not appear incomplete here. Citing out-of-circuit case law, Allen asserts that the ALJ failed to develop the record at the hearing (Pl.'s Br. 21–22). Allen's argument does not withstand scrutiny. Allen depends on the diagnoses in the September 2013 report of Ralph Grant, Ph. D.— a document that was not manufactured until after the ALJ issued his decision—to assert that Allen's anxiety was more significant than the ALJ found (Pl.'s Br. 21). As an initial matter, it is illogical to expect an ALJ

Page 11

to base his hearing inquiry on a document that did not exist at the time of the May 2013 hearing. The ALJ's duty to develop the record could not be triggered by a report rendered more than nine months after the expiration Allen's insured status. Likewise a claimant must show that he was disabled *during the period* when he had insured status in order to receive DIB benefits.  SSR 83-20, 1983 WL 31249, at *1.  Perhaps more importantly, Allen has not identified any information that was missing from the record. Instead, he cites to the record discussing his own testimony. In this way Allen's argument is self-defeating. Rather than examine any facts that the ALJ did not consider, Allen discusses the facts in the record and argues the ALJ reached the wrong conclusions. This does not establish that the record is incomplete. The Court concludes the record was sufficiently developed for the ALJ to make a decision regarding Allen's application for benefits.  *See Younger ex rel. Younger v. Shalala*, 30 F.3d 1265, 1269 (10th Cir. 1994) (ALJ satisfied duty of inquiry in a case with a pro se claimant where the record as a whole showed ALJ apprised himself of pertinent facts and circumstances).

**D.      The Appeals Council appropriately considered Dr. Grant's report**

Allen argues that the Appeals Council erred by not considering Dr. Grant's report—dated nine months after Allen's disability insured status expired—asserting that the opinion was retrospective (Pl.'s Br. 23 (citing Tr. 18)).  The text of Dr. Grant's report does not indicate that the report is retrospective (Tr. 7–18).  Moreover, Allen fails to make a developed argument or cite any authority to support his position that the report is retrospective.  *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (citation and quotation omitted)).  There is no evidence besides speculation to support the statement that Dr. Grant's findings and proposed limitations

Page 12

are retrospective.  *Cf. Adams v. Chater*, 93 F.3d 712, 714-15 (10th Cir. 1996) ("While a treating physician may provide a retrospective diagnosis of a claimant's condition, a retrospective diagnosis without evidence of actual disability is insufficient." (quotation and citation omitted)). Further, all of Dr. Grant's interactions with Allen occurred at least six months after his insured status expired.  SSR 83-10, 1983 WL 31251, at *8 ("Under Title II, a period of disability cannot begin after a worker's disability insured status has expired."); SSR 83-20, 1983 WL 31249, at *1; *see also Hamlin v. Barnhart*, 365 F.3d 1208, 1217 (10th Cir. 2004) (medical evidence beyond the date last insured may be considered to the extent it sheds light on the nature and severity of claimant's condition during the relevant time period).  Accordingly, Dr. Grant's examination and report are not material to the relevant period.  Remand is not appropriate in this case.  *See Villalobos v. Colvin*, 544 F. App'x 793, 796 (10th Cir. 2013) (unpublished) (refusing the remand based on a doctor's opinion submitted only to the Appeals Council, where the doctor's diagnosis was not retrospective).

## CONCLUSION

The Commissioner's decision is supported by substantial evidence and free from harmful legal error.  Accordingly, IT IS HEREBY ORDERED that the ALJ's determination that Allen should be denied Social Security benefits be AFFIRMED.

Dated this 27th day of October, 2015.

_____
DUSTIN B. PEAD
UNITED STATES MAGISTRATE JUDGE